UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>        Plaintiff,<br><br>    v.<br><br>BALLESTEROS, *et al*.,<br><br>        Defendants. | No. 1:20-cv-00376-NONE-HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING *IN FORMA PAUPERIS* STATUS; ORDER DIRECTING THE CLERK OF COURT TO MAIL A COPY OF THE COMPLAINT TO PLAINTIFF<br><br>(Doc. Nos. 2, 4, 8) |

      Plaintiff Guillermo Trujillo Cruz is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 19, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's *in forma pauperis* status be denied because plaintiff had three or more prior dismissals which counted as strikes under 28 U.S.C. § 1915(g). (Doc. No. 4.) The findings and recommendations were served on plaintiff and contained notice that objections thereto were to be filed within fourteen days after service. (*Id.* at 2–3.)

      On April 15, 2020, plaintiff filed objections to the pending findings and recommendations, arguing that he meets the "imminent danger of serious physical injury" exception. (Doc. No. 5 at 2.) That same day, plaintiff also filed a request for an extension of thirty-five (35) days so that he

1

1 may "properly file objections" to the pending findings and recommendations.  (Doc. No. 6.)  On

2 April 16, 2020, the then-assigned magistrate judge granted plaintiff's request for an extension to

3 file further objections to the findings and recommendations.  (Doc. No. 7.)  Nonetheless, plaintiff

4 never filed additional objections.  On July 15, 2020, plaintiff filed a motion requesting a copy of

5 his complaint.  (Doc. No. 8.)

6 In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a

7 *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's

8 objections filed on April 15, 2020, the court concludes that the magistrate judge's findings and

9 recommendations are supported by the record and proper analysis.[1]

10 Plaintiff objects to the pending findings and recommendations on the grounds that he

11 meets the imminent danger exception.  Specifically, plaintiff appears to argue that defendants

12 falsely accused him of masturbating in his cell. (Doc. No. 5 at 2.)  Plaintiff also appears to argue

13 that he was assaulted on August 29, 2018 and June 27, 2019 in retaliation for filing inmate

14 grievances against Kern Valley State Prison staff.  (*Id.*)  However, the court cannot conclude that

15 plaintiff is in imminent danger of serious physical injury based on two incidents that occurred in

16 2018 and 2019.  *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("the 'threat or prison

17 condition [must be] real and proximate.'  Allegations of past harm do not suffice; the harm must

18 be imminent or occurring at the time the complaint is filed.") (internal citations omitted);

19 *Freeman v. Kernan*, No. 2:17-cv-2233-TLN-AC, 2019 WL 3080740, at *2 (E.D. Cal. July 15,

20 2019) (recommending plaintiff's request for an exception under 28 U.S.C. § 1915(g) be denied

21 where injuries occurred approximately four months before plaintiff filed complaint and therefore

22 could not demonstrate imminent danger), *adopted by* No. 2:17-cv-02233-TLN-AC (E.D. Cal.

23

---

24 [1] The court notes that plaintiff has had three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted.  The cases include: 1) *Trujillo v.
25 Gonzales-Moran*, No. 17-15200 (9th Cir.) (dismissing action on July 28, 2017, as frivolous); 2)
26 *Trujillo v. Gomez*, No. 1:14-cv-01797-DAD-DLB (E.D. Cal.) (dismissing action on August 5, 2016 under Rule 12(b)(6) for failure to exhaust administrative remedies); 3) *Cruz v. Ruiz*, No.
27 1:14-cv-00975-SAB (E.D. Cal.) (dismissing action on January 6, 2016 for failure to state claim); 4) *Trujillo v. Sherman*, No. 1:14-cv-01401-BAM (E.D. Cal.) (dismissing action on April 24, 2015
28 for failure to state claim).

Sept. 3, 2019) (Doc. No. 11).

The court notes that plaintiff filed a request with the court seeking a copy of the complaint in this action because he asserted that he is unable to access the law library due to COVID-19 restrictions. (Doc. No. 8.) As a courtesy, the court will direct the Clerk of Court to send a copy of the complaint in this case (Doc. No. 1) to defendant.

Accordingly,

1. The findings and recommendations issued on March 19, 2020 (Doc. No. 4) are adopted in full;

2. Plaintiff's motion for *in forma pauperis* status (Doc. No. 2) is denied;

3. Within **thirty (30) days** following the date of service of this order, plaintiff shall pay the $402.00 filing fee in full to proceed with this action;

4. Plaintiff is forewarned that if he fails to pay the filing fee within the specified time, this action will be dismissed;

5. The Clerk of Court is directed to send a copy of the complaint in this case to defendant (Doc. No. 1); and

6. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **January 2, 2021**                               /s/ Dale A. Drozd
                                                           UNITED STATES DISTRICT JUDGE